UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GEORGE HOUSTON, JR,

    Petitioner,

                             Case No. 8:12-CV-561-T-24TBM

UNITED STATES OF AMERICA,

    Respondent.
_____/

## O R D E R

Before the Court is Petitioner's motion styled "Motion for Appointment of Counsel to the Criminal Justice Act § 3006 and for Counsel to File a Brief on his Behalf to the Court in Light of the Supreme Court Decision Newly Announced Rule Made Applicable on Collateral Review" (D-4), the United States' Response in Opposition to Houston's Motion for Appointment of Counsel on Collateral Review and Motion to Stay Further Response (D-6), Petitioner's reply (D-9), Petitioner's Request for Leave to Amend 2255 Motion Pursuant to Federal Rule of Civil Procedure Rule 15 (D-7), the United States' Renewed Motion to Stay Further Response (D-10), and the United States' Response to Houston's Request for Leave to Amend his Section 2255 Motion (D-11).

On March 14, 2012, Petitioner timely filed his pro se § 2255 motion and memorandum of law. (D-1.) Petitioner raised the following claims: (1) the Court lacked jurisdiction to preside over his trial and sentence him; (2) his conviction is void because he

was entrapped; (3) his counsel's failure to raise a Batson challenge during jury selection constitutes ineffective assistance; (4) his counsel failed to raise on appeal the issues set forth in (1) and (2) despite Petitioner's instructions.

On March 28, 2012, Petitioner filed a motion seeking appointment of counsel. By order dated April 5, 2012, the Court ordered the Government to file a response to Petitioner's § 2255 motion as well as his motion for appointment of counsel. On April 20, 2012, Petitioner filed a motion seeking to amend his § 2255 motion to include two additional ineffective assistance of counsel claims. Specifically, Petitioner claims his counsel failed to object to the testimony of Everrick Houston and Lorenzo Carnes and failed to file a motion to suppress.

The Government opposes Petitioner's motion for appointment of counsel. It does not oppose his motion to amend his § 2255 motion, but suggests that if Petitioner intends to further supplement his § 2255 motion that he be instructed to file one inclusive pleading stating all his grounds for relief. The Government moves to stay its response to Petitioner's § 2255 motion pending a ruling on Petitioner's other motions. The Court addresses the motions below.

I. Petitioner's Motion to Appoint Counsel

Petitioner contends that he is entitled to counsel under Martinez v. Ryan, 132 S.Ct. 1309 (2012). The Government responds that Petitioner's reliance on Martinez is misplaced. The

Government continues that Petitioner has not demonstrated at this time that the interests of justice require appointment of counsel and that his motion should be denied.

There is no Sixth Amendment right to counsel during collateral attacks on a sentence. See United States v. Vasquez, 7 F.3d 81, 83 (5th Cir.1993); see also Pennsylvania v.Finley, 481 U.S. 551, 555, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987)("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions. Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further"); Hooks v. Wainwright, 775 F.2d 1433, 1438 (11th Cir.1985)("there is no automatic constitutional right to representation in a federal habeas corpus proceeding.") A petitioner may request appointment of counsel to represent him in his § 2255 proceeding, however, such appointment is within the Court's discretion. See 18 U.S.C. § 3006A(a)(2)(B). Under such circumstances, counsel shall be appointed upon request of a financially indigent defendant if the Court determines that "the interests of justice so requires." Id. If, however, the court determines that an evidentiary hearing is necessary, it must appoint counsel. Rule 8(c), Rules Governing Section 2255 Proceedings for the United States District Court.

Martinez does not entitle Petitioner to appointment of counsel in this case. Notably, in Martinez, the Supreme Court specifically

declined to address whether there is a constitutional right to assistance of effective counsel in initial-review collateral proceedings. 132 S. Ct. at 1315 ("this is not the case, however, to resolve whether that exception exists as a constitutional matter.") Rather, the Supreme Court instead addressed "whether a federal habeas court may excuse a procedural default of an ineffective-assistance claim when the claim was not properly presented in state court due to an attorney's errors in an initial-review collateral proceeding." Id. at 1313. The Supreme Court found that where a state's law requires ineffective assistance of counsel claims to be raised in initial-review collateral proceeding, a § 2254 petitioner could overcome procedural default by demonstrating either that the state did not appoint counsel or that appointed counsel rendered ineffective assistance of counsel. Id. at 1318-19.

In this case, Petitioner did not procedurally default his claims of ineffective assistance of counsel by failing to raise them on direct appeal claims. In this regard, claims of ineffective assistance of counsel may be raised for the first time on collateral review in a § 2255 motion. Massaro v. United States, 538 U.S. 500, 504-05 (2003) (explaining that it is preferable to raise ineffective-assistance-of-counsel claims in a § 2255 motion rather than on direct appeal and that the failure to raise such a claim "on direct appeal does not bar the claim from being brought

4

in a later, appropriate proceeding under § 2255").

Nor has Petitioner demonstrated that "the interests of justice so requires" the appointment of counsel at this stage of the proceedings. Petitioner has been able to amply articulate his various grounds for relief and has fully briefed the issues. In the event the Court later determines that an evidentiary hearing is necessary, it will appoint counsel to represent Petitioner at that time.

II. Petitioner's Request to Amend 2255

Petitioner also seeks to amend his § 2255 motion to include additional claims of ineffective assistance of counsel. Specifically, Petitioner contends his counsel was ineffective in failing to file a motion to suppress and in failing to object to the co-defendants' testimony. The Government does not object to the timely addition of these claims. As such, Petitioner's motion to amend is granted to the extent that the Court will consider the claims set forth in Petitioner's motion to amend along with the claims set forth in his original § 2255 motion. The claims in these two filings will comprise all the issues the Court will consider in determining whether Petitioner is entitled to § 2255 relief.

III. The Government's Motions to Stay

As the Court has resolved Petitioner's motion for appointment of counsel and motion to amend, the Government's motion for a stay

of proceedings are moot. The Government, however, has not yet filed a memorandum of law in response to Petitioner's claims for relief in his § 2255 motion (as amended by his April 20, 2012 filing). As such, the Government may have until June 29, 2012 to file its memorandum of law.

Accordingly, it is ORDERED that:

1) Petitioner's Motion for Appointment of Counsel to the Criminal Justice Act § 3006 and for Counsel to File a Brief on his Behalf to the Court in Light of the Supreme Court Decision Newly Announced Rule Made Applicable on Collateral Review (D-4) is DENIED.

2) Petitioner's Request for Leave to Amend 2255 Motion Pursuant to Federal Rule of Civil Procedure Rule 15 (D-7) is GRANTED. Petitioner's original § 2255 motion (D-1) is amended to include those additional ineffective assistance of counsel claims raised in his April 20, 2012 filing. The claims in these two filings will comprise all the issues the Court will consider in determining whether Petitioner is entitled to relief

3) The United States' Motion to Stay Further Response (D-6) and Renewed Motion to Stay Further Response (D-10) are DENIED AS MOOT.

4) No later than June 29, 2012, the United States shall file a memorandum of law addressing the claims raised in Petitioner's § 2255 motion as well as those additional claims raised in his April

20, 2012 filing

DONE AND ORDERED at Tampa, Florida, this **24th** day of May, 2012.

                                          /s/ William J. Castagna
                                          WILLIAM J. CASTAGNA
                                          SENIOR UNITED STATES DISTRICT JUDGE